IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 28, 2007 Session

**JOHN C. KERSEY, SR., v. JOHN BRATCHER, et al.**

**Appeal from the Chancery Court for Rutherford County**
**No. 05-149IMI     Donald P. Harris, Senior Judge**

**No. M2006-01319-COA-R3-CV - Filed September 14, 2007**

**CONCURRING OPINION**

I fully concur in Judge Swiney's Opinion but wish to elaborate on the fact that the Judge had custody of the file that the plaintiff sought and was charged with safekeeping and protection of the file.

As Judge Swiney's Opinion recites:

Rather, Plaintiff's allegations are that Wilson and Bratcher both told Plaintiff that the Judge had the File, that Wilson suggested that Plaintiff return another day when the File might be available . . ."

The plaintiff's Complaint states that he was advised that the case was set the next day, Friday, and that the file "might" be available Friday afternoon.

The Dissent concedes there are some exceptions to the Tennessee Public Records Act, but "none are applicable in this case". I respectfully disagree with this conclusion. In my view, the Clerk and Master discharged his duties under the Act when he advised plaintiff that the Judge had possession of the file and that it would be available for inspection in effect after the case was tried the next day and returned to the Clerk and Master's office. Court files are regularly checked out by attorneys, often for a period of days, and it is a physical impossibility for the Clerk to furnish that public record on demand until the custody of the file is returned to the Clerk.

Obviously, the Judge in this case was charged with the custody and could place reasonable restrictions on the examination of the file by a third party, and while his assistant could have exhibited a kinder and gentler directive to the plaintiff, the plaintiff himself acknowledges his

own belligerence in the Complaint.

Clearly, the Clerk and Master discharged his obligation to the plaintiff, since he did not have physical custody of the file and could not retrieve it, absent the custodial Judge's permission. The plaintiff's Complaint does not state that the judicial assistant to the Circuit Judge refused to allow him to inspect the Court file.

The Trial Court acted appropriately in dismissing this Complaint.

_____
HERSCHEL PICKENS FRANKS, P.J.